**ORIGINAL**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| SHIRLEY WILLIAMS, *et al.*, | ) | |
| individually and on behalf | ) | |
| of a class, | ) | FILE NO. 4:04-CV-03-HLM |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CLASS ACTION |
| v. | ) | |
| | ) | |
| MOHAWK INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Mohawk Industries, Inc. (hereinafter "Mohawk"), hereby answers and states its defenses to Plaintiffs' Complaint (the "Complaint").

## ANSWER TO PLAINTIFFS' COMPLAINT

Mohawk answers the individually numbered allegations of the Complaint as follows:

### I.    SUMMARY OF CLAIMS

1.

Answering the allegations of Paragraph 1 of the Complaint, Mohawk admits that Plaintiffs purport to bring this action as a class action under the federal and Georgia Racketeer Influenced and Corrupt Organizations ("RICO") acts, seeking

injunctive and monetary relief.   Mohawk denies the remaining allegations of Paragraph 1 of the Complaint.

2.

Answering the allegations of Paragraph 2 of the Complaint, Mohawk admits only that Mohawk (along with its subsidiaries) (a) is considered to be the second largest carpet and rug manufacturer in the United States, and (b) had carpet and rug net sales in 2002 of approximately $3.2 billion.   Mohawk denies the remaining allegations of Paragraph 2 of the Complaint.

3.

Mohawk denies the allegations of Paragraph 3 of the Complaint.

4.

Paragraph 4 contains conclusions of law to which no response is required. To the extent it is deemed to contain averments of fact to which a response is required, those averments are denied.

## II.    PARTIES, JURISDICTION AND VENUE

5.

Answering the allegations of Paragraph 5 of the Complaint, Mohawk denies that Plaintiff Gale Pelfrey is a former employee of Mohawk.   Mohawk is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5 of the Complaint.

6.

Answering the allegations of Paragraph 6 of the Complaint, Mohawk denies that Plaintiff Shirley Williams is a former employee of Mohawk. Mohawk is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 of the Complaint.

7.

Answering the allegations of Paragraph 7 of the Complaint, Mohawk denies that Plaintiff Bonnie Jones is a current employee of Mohawk. Mohawk is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 of the Complaint.

8.

Answering the allegations of Paragraph 8 of the Complaint, Mohawk denies that Plaintiff Lora Sisson is a former employee of Mohawk. Mohawk is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 of the Complaint.

9.

Answering the allegations of Paragraph 9 of the Complaint, Mohawk admits only that it is a Delaware Corporation with its principal place of business in Calhoun, Georgia, and that it may be served by service on its registered agent for service of process, Salvatore J. Perillo, 160 South Industrial Boulevard, Calhoun, Georgia 30701. Mohawk denies the remaining allegations of Paragraph 9 of the Complaint.

10.

Paragraph 10 contains conclusions of law to which no response is required.

11.

Paragraph 11 contains conclusions of law to which no response is required.

12.

Answering the allegations of Paragraph 12 of the Complaint, Mohawk admits only that Mohawk resides in, is found in, and transacts business in this judicial district. Plaintiffs' assertions that venue is proper is a conclusion of law to which no response is required. Mohawk denies the remaining allegations of Paragraph 12 of the Complaint.

### III.    FACTS

### Mohawk's Hiring and Harboring of Illegal Workers

13.

Mohawk denies the allegations of Paragraph 13 of the Complaint.

14.

Mohawk denies the allegations of Paragraph 14 of the Complaint.

15.

Mohawk denies the allegations of Paragraph 15 of the Complaint.

16.

Mohawk denies the allegations of Paragraph 16 of the Complaint.

17.

Mohawk denies the allegations of Paragraph 17 of the Complaint.

18.

Mohawk denies the allegations of Paragraph 18 of the Complaint.

19.

Mohawk denies the allegations of Paragraph 19 of the Complaint.

20.

Mohawk denies the allegations of Paragraph 20 of the Complaint.

21.

Mohawk denies the allegations of Paragraph 21 of the Complaint.

22.

Mohawk denies the allegations of Paragraph 22 of the Complaint.

23.

Mohawk denies the allegations of Paragraph 23 of the Complaint.

24.

Mohawk denies the allegations of Paragraph 24 of the Complaint.

25.

Mohawk denies the allegations of Paragraph 25 of the Complaint.

26.

Mohawk denies the allegations of Paragraph 26 of the Complaint.

27.

Mohawk denies the allegations of Paragraph 27 of the Complaint.

28.

Mohawk denies the allegations of Paragraph 28 of the Complaint.

29.

Mohawk denies the allegations of Paragraph 29 of the Complaint.

30.

Mohawk is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint.

31.

Mohawk denies the allegations of Paragraph 31 of the Complaint.

32.

Mohawk denies the allegations of Paragraph 32 of the Complaint insofar as they pertain to Mohawk. Mohawk is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32 of the Complaint.

33.

Mohawk denies the allegations of Paragraph 33 of the Complaint.

34.

Answering the allegations of Paragraph 34 of the Complaint, Mohawk admits that Mohawk (along with its subsidiaries) is considered to be the second largest carpet manufacturer in the United States. Mohawk denies the remaining allegations of Paragraph 34 of the Complaint.

35.

Mohawk denies the allegations of Paragraph 35 of the Complaint.

36.

Mohawk denies the allegations of Paragraph 36 of the Complaint.

37.

Mohawk denies the allegations of Paragraph 37 of the Complaint.

38.

Mohawk denies the allegations of Paragraph 38 of the Complaint.

## IV.   CLASS ACTION ALLEGATIONS

39.

Answering the allegations of Paragraph 39 of the Complaint, Mohawk admits only that Plaintiffs purport to bring this action on behalf of individuals alleged to fit the description stated in said Paragraph.   Mohawk denies the remaining allegations of Paragraph 39 of the Complaint.

40.

Paragraph 40 contains conclusions of law related to joinder to which no response is required.   To the extent it is deemed to contain averments of fact to which a response is required, those averments are denied.   Mohawk is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 40 of the Complaint.

41.

Mohawk denies the allegations of Paragraph 41 of the Complaint.

42.

Mohawk denies the allegations of Paragraph 42 of the Complaint.

43.

Mohawk denies the allegations of Paragraph 43 of the Complaint.

44.

Mohawk denies the allegations of Paragraph 44 of the Complaint.

45.

Mohawk is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint concerning Plaintiffs' counsel and Plaintiffs' authorization for employment in the United States.   Mohawk denies the remaining allegations of Paragraph 45 of the Complaint.

46.

Answering the allegations of Paragraph 46 of the Complaint, Mohawk admits only that Plaintiffs purport to seek certification of a class as alleged in said Paragraph. Mohawk denies that a class should be certified in this action.

47.

Mohawk denies the allegations of Paragraph 47 of the Complaint.

48.

Paragraph 48 contains conclusions of law to which no response is required. To the extent it is deemed to contain averments of fact to which a response is required, those averments are denied.

49.

Paragraph 49 contains conclusions of law to which no response is required. To the extent it is deemed to contain averments of fact to which a response is required, those averments are denied.

50.

Paragraph 50 contains conclusions of law to which no response is required. To the extent it is deemed to contain averments of fact to which a response is required, those averments are denied.

51.

Mohawk is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Complaint.

52.

Paragraph 52 contains conclusions of law to which no response is required. To the extent it is deemed to contain averments of fact to which a response is required, Mohawk admits that it resides in this judicial district and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

53.

Mohawk denies the allegations of Paragraph 53 of the Complaint.

## V.    MOHAWK HAS ENGAGED IN A PATTERN OF RACKETEERING ACTIVITY

54.

Mohawk denies the allegations of Paragraph 54 of the Complaint.

55.

Mohawk denies the allegations of Paragraph 55 of the Complaint.

56.

Mohawk denies the allegations of Paragraph 56 of the Complaint.

57.

Mohawk denies the allegations of Paragraph 57 of the Complaint.

58.

Mohawk denies the allegations of Paragraph 58 of the Complaint.

59.

Mohawk denies the allegations of Paragraph 59 of the Complaint.

60.

Mohawk denies the allegations of Paragraph 60 of the Complaint.

61.

Mohawk denies the allegations of Paragraph 61 of the Complaint.

62.

Paragraph 62 contains conclusions of law to which no response is required. To the extent it is deemed to contain averments of fact to which a response is required, those averments are denied.

63.

Mohawk denies the allegations of Paragraph 63 of the Complaint.

64.

Mohawk denies the allegations of Paragraph 64 of the Complaint.

65.

Paragraph 65 contains conclusions of law to which no response is required. To the extent it is deemed to contain averments of fact to which a response is required, those averments are denied.

66.

Paragraph 66 contains conclusions of law to which no response is required. To the extent it is deemed to contain averments of fact to which a response is required, those averments are denied.

**The Acts of Racketeering Activity Committed by Mohawk Are Related**

67.

Mohawk denies the allegations of Paragraph 67 of the Complaint.

68.

Mohawk denies the allegations of Paragraph 68 of the Complaint.

69.

Mohawk denies the allegations of Paragraph 69 of the Complaint.

70.

Mohawk denies the allegations of Paragraph 70 of the Complaint.

## The Acts of Racketeering Activity Committed by Mohawk Involve a Distinct Threat of Long-Term Racketeering Activity

### 71.

Mohawk denies the allegations of Paragraph 71 of the Complaint.

### 72.

Mohawk denies the allegations of Paragraph 72 of the Complaint.

### 73.

Mohawk denies the allegations of Paragraph 73 of the Complaint.

### 74.

Mohawk denies the allegations of Paragraph 74 of the Complaint.

### 75.

Mohawk denies the allegations of Paragraph 75 of the Complaint.

## VI.    THE ENTERPRISE

### 76.

Mohawk denies the allegations of Paragraph 76 of the Complaint.

### 77.

Mohawk denies the allegations of Paragraph 77 of the Complaint.

### 78.

Mohawk denies the allegations of Paragraph 78 of the Complaint.

79.

Mohawk denies the allegations of Paragraph 79 of the Complaint.

80.

Mohawk denies the allegations of Paragraph 80 of the Complaint.

81.

Mohawk denies the allegations of Paragraph 81 of the Complaint.

82.

Mohawk denies the allegations of Paragraph 82 of the Complaint.

83.

Mohawk denies the allegations of Paragraph 83 of the Complaint.

84.

Mohawk denies the allegations of Paragraph 84 of the Complaint.

## VII.  MOHAWK HAS CAUSED PLAINTIFFS' WAGES TO BE DEPRESSED

85.

Mohawk denies the allegations of Paragraph 85 of the Complaint.

86.

Mohawk denies the allegations of Paragraph 86 of the Complaint.

87.

Mohawk denies the allegations of Paragraph 87 of the Complaint.

## COUNT I

### (Violation of 18 U.S.C. § 1962(c))

88.

Mohawk realleges and incorporates by reference herein the responses set forth in Paragraphs 1-87 above as if fully restated herein.

89.

Paragraph 89 contains conclusions of law to which no response is required. To the extent it is deemed to contain averments of fact to which a response is required, those averments are denied.

90.

Mohawk denies the allegations of Paragraph 90 of the Complaint.

91.

Mohawk denies the allegations of Paragraph 91 of the Complaint.

92.

Mohawk denies the allegations of Paragraph 92 of the Complaint.

## COUNT II

### (Violation of O.C.G.A. § 16-14-4(a))

93.

Mohawk realleges and incorporates by reference herein the responses set forth in Paragraphs 1-92 above as if fully restated herein.

94.

Mohawk denies the allegations of Paragraph 94 of the Complaint.

95.

Mohawk denies the allegations of Paragraph 95 of the Complaint.

96.

Mohawk denies the allegations of Paragraph 96 of the Complaint.

97.

Mohawk denies the allegations of Paragraph 97 of the Complaint.

98.

Mohawk admits that Plaintiffs request orders and judgment as set forth in Paragraph 98. Mohawk denies that such orders and judgment are appropriate. Mohawk denies the remainder of the allegations of Paragraph 98 of the Complaint.

## COUNT III

### (Violation of O.C.G.A. § 16-14-4(c))

99.

Mohawk realleges and incorporates by reference herein the responses set forth in Paragraphs 1-98 above as if fully restated herein.

100.

Mohawk denies the allegations of Paragraph 100 of the Complaint.

101.

Mohawk denies the allegations of Paragraph 101 of the Complaint.

102.

Mohawk denies the allegations of Paragraph 102 of the Complaint.

103.

Mohawk denies the allegations of Paragraph 103 of the Complaint.

104.

Mohawk denies the allegations of Paragraph 104 of the Complaint.

105.

Mohawk denies the allegations of Paragraph 105 of the Complaint.

## COUNT IV

### (Unjust Enrichment in Violation of Georgia Law)

106.

Mohawk realleges and incorporates by reference herein the responses set forth in Paragraphs 1-105 above as if fully restated herein.

107.

Mohawk denies the allegations of Paragraph 107 of the Complaint.

108.

Paragraph 108 requires no response because the Court dismissed Plaintiffs' claims with respect to worker's compensation. To the extent this paragraph is deemed to contain averments of fact to which a response is required, those averments are denied.

109.

To the extent that Paragraph 109 relates to worker's compensation, it requires no response because the Court dismissed Plaintiffs' claims with respect to worker's compensation. To the extent this paragraph relates to claims that have not been dismissed or is otherwise deemed to contain averments of fact to which a response is required, those averments are denied.

110.

To the extent that Paragraph 110 relates to worker's compensation, it requires no response because the Court dismissed Plaintiffs' claims with respect to worker's compensation. To the extent this paragraph relates to claims that have not been dismissed or is otherwise deemed to contain averments of fact to which a response is required, those averments are denied.

## XIII. (*sic*)   PRAYER FOR RELIEF

Plaintiffs' prayer for relief contains no allegations to which Mohawk is required to respond. To the extent this paragraph is deemed to contain averments of fact to which a response is required, those averments are denied and Mohawk denies that Plaintiffs are entitled to any relief whatsoever in this action.

## FIRST DEFENSE

The Court lacks subject matter jurisdiction.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiffs lack standing.

## FOURTH DEFENSE

The Complaint fails to make allegations with the specificity required by Rule 9 of the Federal Rules of Civil Procedure.

## FIFTH DEFENSE

Plaintiffs claims are barred, in whole or in part, because neither Mohawk's board of directors nor any managerial official or other agent acting within the scope of his or her employment in behalf of Mohawk authorized, requested, commanded, performed, or recklessly tolerated the commission of any wrongdoing alleged in the Complaint.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs at all times during their employment were paid a lawful wage and a wage for which they voluntarily agreed to work.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to take reasonable actions to avoid and/or minimize the harm Plaintiffs claim in the Complaint to have sustained.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

- 21 -

### NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

### TENTH DEFENSE

Plaintiffs have not sustained any damages.

### ELEVENTH DEFENSE

Plaintiffs' damages, if any, were not caused by Mohawk.

### TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

### THIRTEENTH DEFENSE

Plaintiffs' request for injunctive relief is barred because injunctive relief is unavailable.

Mohawk reserves the right to assert any and all additional defenses revealed by discovery.

WHEREFORE, Mohawk prays that the Court enter judgment in its favor dismissing Plaintiffs' Complaint in its entirety and discharging Mohawk and taxing costs against Plaintiffs and that the Court grant Mohawk such other relief as is just and proper.

Dated:   April 27, 2004.

Respectfully submitted,

*R. Carl Cannon*

R. Carl Cannon, Georgia Bar No. 108000
Rosemary C. Lumpkins, Georgia Bar No. 461029
CONSTANGY, BROOKS & SMITH, LLC
230 Peachtree Street, N.W., Suite 2400
Atlanta, Georgia 30303-1557
Telephone:    404-525-8622
Facsimile:    404-525-6955

Juan P. Morillo
Virginia A. Seitz
Steven T. Cottreau
SIDLEY AUSTIN BROWN & WOOD, LLP
1501 K Street, NW
Washington, D.C. 20005
Telephone:    202-736-8000
Facsimile:    202-736-8711

Counsel for Defendant

### CERTIFICATE OF SERVICE

This is to certify that I have this day served the Plaintiffs with the foregoing

Answer by having a copy of same deposited in the United States Mail in an envelope,

with sufficient First Class postage affixed thereon, properly addressed to their counsel

of record as follows:

Bobby Lee Cook, Esq.
COOK & CONNELLY
9899 Commerce Street
Summerville, GA 30747

Matthew Thames, Esq.
GODDARD, THAMES,
  HAMMONTREE & BOLDING
2716 Cleveland Hwy.
P.O. Box 399
Dalton, GA 30722-0399

John E. Floyd, Esq.
Joshua F. Thorpe, Esq.
Ronan P. Doherty, Esq.
Nicole G. Iannarone, Esq.
BONDURANT, MIXSON &
  ELMORE LLP
1201 W. Peachtree Street, N.W.
3900 One Atlanta Center
Atlanta, Georgia 30309

Howard Foster, Esq.
JOHNSON & BELL, LTD.
55 E. Monroe Street
Suite 4100
Chicago, IL 60603

This 27th day of April, 2004.


R. Carl Cannon
Counsel for Defendant