EXHIBIT

1

WILLIAMS, et al. v. MOHAWK INDUSTRIES, INC.

United States District Court
Northern District of Georgia
Case No. 04-CV-3 (HLM)

Settlement Agreement

As Of December 31, 2009

This Settlement Agreement is entered into by Plaintiffs Bonnie Jones and Gale Pelfrey ("Class Representatives"), individually and on behalf of the Class defined herein, by and through the undersigned counsel; Mohawk Industries, Inc. ("Mohawk"); and Zurich American Insurance Co. ("Zurich") (collectively, "the Parties"). The Parties hereby agree to the following terms in full settlement of the action styled *Williams v. Mohawk Industries, Inc.*, No. 04-cv-3-HLM (N.D. Ga.) (the "Action"), subject to approval by the United States District Court for the Northern District of Georgia (the "Court"):

## I.    CLASS CERTIFICATION

Solely for purposes of settlement, the Parties agree to certification of the following Class under Fed. R. Civ. P. 23(b)(3):

> All persons legally authorized to be employed in the United States who are or have been employed in hourly positions by Mohawk Industries, Inc., its subsidiaries or affiliates in Georgia at any time from January 1, 1999 to December 31, 2009 (the "Class Period"), other than an Excluded Employee (the "Class" or the "Class Definition").

> An "Excluded Employee" is an employee whose employment at Mohawk has been limited to Dal-Tile, Unilin, or Mohawk facilities in Milledgeville, Dublin, Tifton, Norcross, Kennesaw, or Atlanta, Georgia.

"Class Members" refers (whether in the singular or plural) to each and every person that falls within the Class Definition. Any party may present the Court with additional, alternative bases for certification under any provision of Rule 23. The Parties consent to certification of the Class under any provisions of Rule 23 selected by the Court.

## II.    TRAINING AND COMPLIANCE

For a period of two years following the Effective Date, as defined in Section VI(G) below, Mohawk agrees to (a) conduct an annual training session regarding federal and Georgia laws relating to the verification of employment eligibility for all personnel with regular responsibility for verifying employment eligibility for employees being hired to work at the

Mohawk facilities included within the Class Definition in Section I; and (b) maintain a phone number to which callers may anonymously report alleged violations of federal and Georgia laws relating to the verification of employment eligibility at the Mohawk facilities included within the Class Definition in Section I.  The remedy for any breach of this Section II is limited to injunctive relief and shall not include monetary damages or penalties.

### III.    <u>MONETARY RELIEF</u>

#### A.    <u>The Settlement Fund and Settlement Fund Account</u>

1.    **<u>Settlement Fund Amount.</u>**  The amount of the Settlement Fund is $18,000,000.  Mohawk and Zurich shall fund the Settlement Fund Account in accordance with the terms set forth in Section III(A)(3) below.

2.    **<u>Qualified Settlement Fund.</u>**  The Settlement Fund is intended by the Parties to be a "Qualified Settlement Fund" as described in Section 468B of the Internal Revenue Code, as amended, and Treas. Reg. § 1.468B-1 *et seq*.  The Claims Administrator shall serve as the Trustee of the Settlement Fund, shall act in a manner necessary to qualify the Settlement Fund as a Qualified Settlement Fund and to maintain that qualification, and shall administer the Settlement Fund subject to Court supervision.  Mohawk and Zurich shall hereby be deemed to have made an election under Section 468B of the Internal Revenue Code to have the Settlement Fund treated as a Qualified Settlement Fund.  Mohawk and Zurich shall timely furnish a statement to the Claims Administrator that complies with Treasury Regulation § 1.468B-3(e) and shall attach a copy of the statement to their federal income tax returns that are filed for the taxable year in which Mohawk and Zurich make the required payments to the Settlement Fund. The Parties shall cooperate to ensure treatment of the Settlement Fund as a Qualified Settlement Fund and shall not take a position in any filing or before any tax authority inconsistent with such treatment.

756198.1

3.    **Establishment and Funding of Settlement Fund Account.**    Class Counsel have selected Settlement Services, Inc. ("SSI") as the Claims Administrator for this Settlement Agreement, and SSI has contractually agreed to perform the duties of the Claims Administrator set forth in this Settlement Agreement for the express benefit of the Parties and the Class.    The Claims Administrator will open and administer an interest-bearing account ("Settlement Fund Account") with a unique Taxpayer Identification Number.    Mohawk shall make a single payment of $5,000,000 by wire transfer to the Settlement Fund Account within three (3) business days of preliminary approval of this Settlement Agreement by the Court. Zurich shall wire $7,000,000 to the Settlement Fund Account within seven (7) business days of preliminary approval of this Settlement Agreement by the Court.    In the event Zurich does not timely exercise its Termination Option pursuant to Section IV, Zurich shall wire additional funds, up to a maximum of an additional $6,000,000, to the Settlement Fund Account as necessary to pay amounts required to be distributed from the Settlement Fund.    In no event shall any funds necessary to pay amounts required to be distributed from the Settlement Fund be wired to the Settlement Fund Account later than seventeen (17) days after the Claim Deadline.

4.    **Disposition of Settlement Fund Account.**    The funds in the Settlement Fund Account and any interest thereon may be used, from the inception of the Account and as directed by Class Counsel, to pay costs of settlement administration.    Prior to the Effective Date, only costs of settlement administration may be paid from the Settlement Fund Account.    After the Effective Date, the funds in the Settlement Fund Account shall be used to make all distributions required from the Settlement Fund in the manner and at the times specified in this Settlement Agreement.    In the event that Zurich timely exercises its Termination Option, the funds in the Settlement Fund Account shall be returned in the following order: (1) $5,000,000 of

funds remaining in the Settlement Fund Account shall be returned to Mohawk, and (2) thereafter, all remaining funds in the Settlement Fund Account shall be returned to Zurich, after payment of any outstanding costs of settlement administration.  In the event that the Settlement Agreement does not become final and binding for reasons other than Zurich timely exercising its Termination Option, Mohawk and Zurich agree to split evenly the costs of settlement administration incurred prior to the Settlement Agreement's failure to become final and binding ("Failed Settlement Costs"), and the funds remaining in the Settlement Fund Account should be returned in the following order: (1) $5,000,000 minus one-half of the amount of the Failed Settlement Costs shall be returned first to Mohawk, and (2) any remaining funds in the Settlement Fund Account then shall be returned to Zurich.

5.     **Interest.**  All interest on the Settlement Fund Account shall be used, as directed by Class Counsel, to pay costs of settlement administration or taxes on the interest.  Any interest shall not be subject to withholding and shall, if required, be reported appropriately to the IRS by the Claims Administrator.  The Claims Administrator is responsible for the payment of all taxes on interest on the Settlement Fund.

B.     **Distribution of the Settlement Fund**

1.     **Class Representative Service Awards.**  Bonnie Jones and Gale Pelfrey, through their undersigned counsel, shall be entitled to apply to the Court for awards from the Settlement Fund of up to $25,000 each ("the Class Representative Service Awards") for their participation in the Action and their service to the Class.  Neither Mohawk nor Zurich shall oppose such applications.  The Class Representative Service Awards shall be paid from the Settlement Fund.

2.     **Administration, Withholding, Expense and Fee Award.** Class Counsel

shall be entitled to apply to the Court for an Administration, Withholding, Expense and Fee Award from the Settlement Fund, as described in Section III(D)(1) below. The Administration, Withholding, Expense and Fee Award shall be paid from the Settlement Fund.

      **3.**      **Supplemental Settlement Administration Payment.** In the event that the combined costs of settlement administration and the Employer Withholding Obligations exceed $500,000, then the portion of such costs that exceeds $500,000 shall be paid out of the Settlement Fund ("the Supplemental Settlement Administration Payment").

      **4.**      **Calculation of Wages Fund and Non-Wages Fund.** The Class Representative Service Awards, the Administration, Withholding, Expense and Fee Award and any Supplemental Settlement Administration Payment shall be collectively referred to as "the Adjustments." To calculate a Wages Fund and a Non-Wages Fund, the Claims Administrator will deduct the amount of the Adjustments from the $18,000,000 amount of the Settlement Fund. The Wages Fund shall consist of 1/3 of the Settlement Fund after deduction of the Adjustments, and the Non-Wages Fund shall consist of 2/3 of the Settlement Fund after deduction of the Adjustments. The Non-Wages Fund is established to resolve the Class Members' claims for treble damages.

      **C.**      **Awards to Class Members**

      **1.**      **Calculation of Awards.** Mohawk will provide the Claims Administrator with information reflecting (i) the total number of days of service (not excluding weekends and holidays) for all hourly employees in jobs at the facilities falling within the Class Definition during the Class Period ("Total Class Service"); and (ii) the number of days of service (not excluding weekends and holidays) for each hourly employee in jobs at the facilities falling within the Class Definition during the Class Period ("Individual Class Member Service").

**Base Awards**. Each Class Member shall be allocated a "Base Award" as follows: Class Members whose Individual Class Member Service is from 1 to 29 days will be allocated a Base Award of $25; Class Members whose Individual Class Member Service is from 30 to 90 days will be allocated a Base Award of $75; and Class Members whose Individual Class Member Service exceeds 90 days will be allocated a Base Award of $150. For each Class Member, 1/3 of the Class Member's Base Award will be allocated from the Wages Fund ("Base Wages Fund Award") and 2/3 of the Class Member's Base Award will be allocated from the Non-Wages Fund ("Base Non-Wages Fund Award").

**Additional Awards**. Each Class Member shall also be allocated an "Additional Award" as follows: For each Class Member, the Claims Administrator shall determine the percentage of the Total Class Service represented by the Individual Class Member Service ("the Individual Class Member Percentage"); the Claims Administrator shall multiply each Class Member's Individual Class Member Percentage by the amount of the Wages Fund that exceeds the total amount of all Base Wages Fund Awards to generate an "Additional Wages Fund Award" for each Class Member; and the Claims Administrator shall multiply each Class Member's Individual Class Member Percentage by the amount of the Non-Wages Fund that exceeds the total amount of all Base Non-Wages Fund Awards to generate an "Additional Non-Wages Fund Award" for each Class Member.

For each Class Member, the Claims Administrator shall add the Class Member's Base Wages Fund Award and the Class Member's Additional Wages Fund Award to calculate an "Individual Wages Fund Award." For each Class Member, the Claims Administrator shall add the Class Member's Base Non-Wages Fund Award and the Class Member's Additional Non-Wages Fund Award to calculate an "Individual Non-Wages Fund Award."

The data provided to the Claims Administrator by Mohawk shall be conclusive for purposes of the calculations required by this Section III(C).

    2.    **Requirements for Obtaining Awards.**

    a.    **Requirement of Timely and Complete Claim Form.**  To recover his or her Individual Wages Fund Award and Individual Non-Wages Fund Award, a Class Member is required to return to the Claims Administrator a complete Claim Form and Release, attached hereto as Exhibit B, that is postmarked by the Claim Deadline.  The "Claim Deadline" shall be the date that is ninety (90) days after the date that the Claims Administrator first mails the Notice to Class Members (the "Notice Date").

    b.    **Failure to Return Timely and Complete Claim Form.**  Failure to return a complete Claim Form and Release to the Claims Administrator that is postmarked by the Claim Deadline shall bar a Class Member from receiving his or her Individual Wages Fund Award, Individual Non-Wages Fund Award, or any other monetary award under this Settlement Agreement.  In the event that a Claim Form and Release is postmarked after the Claim Deadline, the Claims Administrator shall not make a payment to the Class Member from the Settlement Fund.  In the event that a Class Member returns an incomplete Claim Form and Release, including, for example, by failing to include required enclosures, the Claims Administrator shall not make a payment to the Class Member from the Settlement Fund.  Neither the Claims Administrator nor any party shall be required to contact Class Members who submit incomplete Claim Forms and Releases.

    c.    **Time for Depositing Award Checks.**  If a Class Member does not deposit, cash or negotiate his or her settlement check within one hundred and eighty (180) calendar days after the check is mailed, (a) the settlement check will be null and void; (b) the

Class Member will be barred from receiving an Individual Wages Fund Award, Individual Non-Wages Fund Award, or any other monetary award under this Settlement Agreement; and (c) the amount of such a check will revert to the Settlement Fund.

       3.     **Deceased Class Members.**  Claim Forms and Releases may be filed for deceased Class Members through the representatives of their estates as long as a copy of the death certificate is also provided.  Any award paid to a deceased Class Member shall be made payable to the estate of the deceased Class Member.

       4.     **Awards and Tax Documents.**  The Claims Administrator shall mail, in a single mailing, Individual Wages Fund Awards and Individual Non-Wages Fund Awards to those Class Members who are entitled to receive such awards.  Such mailings shall be made within twenty (20) days after the Effective Date.  Also, such mailings shall, to the extent possible, include any tax documents that are required to be sent to Class Members in connection with their Individual Wages Fund Awards and Individual Non-Wages Fund Awards; if that is not possible, the Claims Administrator will mail any tax documents that are required to be sent to Class Members in connection with their Individual Wages Fund Awards and Individual Non-Wages Fund Awards as soon as practicable.

       5.     **Tax Allocation of Awards.**  The settlement awards to Class Members shall be allocated for tax purposes 1/3 to wages and 2/3 to non-wages.  This allocation is based on the nature of the claims asserted (which claims Mohawk continues to deny).  The amounts allocated as wages (Individual Wages Fund Awards) shall be treated as wages and subject to payroll taxes.

       6.     **Tax Obligations.**  The Claims Administrator shall (a) withhold from each Class Member's Individual Wages Fund Award, and timely disburse to the IRS or other

appropriate authorities, the employee's portion of payroll taxes and tax withholding attributable to the Class Member's Individual Wages Fund Award ("Employee Withholding Obligations"), and (b) timely pay to the appropriate authorities the employer's withholding obligations (including but not limited to FICA and FUTA taxes and any state unemployment contributions) required to be paid on the Class Member's Individual Wages Fund Awards ("Employer Withholding Obligations").

The Parties shall have no responsibility or liability for any federal or state taxes owed in connection with the payments to Class Members made in connection with this Settlement Agreement.  The Employer Withholding Obligations shall be part of the Administration, Withholding, Expense and Fee Award.

7.    **Tax Reporting.**  The Claims Administrator shall prepare and provide to each Class Member receiving a payment from the Settlement Fund a Form W-2 (for wages) and (if applicable) a Form 1099 (for non-wages) for these payments.  The Class Representatives will also receive a Form 1099 for any Class Representative Service Award.  Class Counsel will receive a Form 1099 for the attorneys' fees and costs awarded to Class Counsel.  The Parties believe the attorneys' fees and costs awarded to Class Counsel need not be reported to the IRS as being income to the Class Members, based on the analysis in Internal Revenue Service Office of Chief Counsel Memorandum PRENO-11606-07 (May 18, 2007).  The Parties hereto agree to cooperate with the Claims Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions set forth in this paragraph.

8.    **Dispute Resolution.**  In the event of any dispute or issue raised by any of the Parties, by any Class Member or by any individual claiming to be a Class Member as to an individual's membership in the Class, an individual's timely return of a Claim Form and Release,

the sufficiency or validity of a Claim Form and Release, the calculation of a Class Member's Individual Class Member Service or Individual Class Member Percentage, the amount of a Class Member's Individual Wages Fund Award or Individual Non-Wages Fund Award, or the Class Member's eligibility for such an award, counsel for Mohawk and Zurich and Class Counsel shall confer.  If counsel are unable to resolve the dispute or issue, the dispute or issue will be resolved by the Claims Administrator.  The Claims Administrator's decisions on such disputes and issues shall be final, binding, and non-appealable.

        **9.**    **Report**.  Upon request, at any time during the Claim Period, the Claims Administrator shall provide Zurich with the number of Claim Forms and Releases and their total award value.  Within seven (7) business days of the Claim Deadline, the Claims Administrator shall report to all Parties the total number of timely, valid Claim Forms and Releases that the Claims Administrator has received and their total award value.  The "Claims Administrator's Reporting Date" shall be the date on which the Claims Administrator reports this information to the Parties.  The Claims Administrator shall provide the Parties with a reconciliation of the Settlement Fund Account no later than ten (10) days after the Class Awards are mailed.

    **D.**    **Costs of Settlement Administration, Employer Withholding Obligations, Reimbursement of Costs and Expenses and Attorneys' Fees**

        **1.**    **Administration, Withholding, Expense and Fee Award.**  Class Counsel shall be entitled to apply to the Court for an award(s) from the Settlement Fund not to exceed a total of $6,000,000 to (i) pay costs of settlement administration; (ii) pay the Employer Withholding Obligations; (iii) reimburse Class Counsel for costs and expenses incurred by Class Counsel in prosecuting this Action; and (iv) pay attorneys' fees (the "Administration, Withholding, Expense and Fee Award").  Mohawk and Zurich agree not to oppose any such

application.  As of December 31, 2009, Class Counsel estimate that the costs of settlement administration will be $285,000.  As of December 31, 2009, Class Counsel estimate that they have incurred approximately $365,000 in expenses.  Additional expenses are reasonably foreseeable to bring this settlement through a final conclusion.

        2.      **Costs and Expenses Incurred by Class Counsel and Attorneys' Fees**.
Reimbursement of costs and expenses incurred by Class Counsel in this Action, and the attorneys' fees awarded by the Court shall be paid from and shall be part of the Administration, Withholding, Expense and Fee Award.  The costs, expenses, and attorneys' fees awarded by the Court shall constitute full satisfaction of any obligation on the part of Mohawk or Zurich to pay any person, attorney, or law firm for costs, litigation expenses, attorneys' fees, or any other expense incurred on behalf of the Class.

        3.      **Class Counsel and Distribution**.  The Parties consent to the Court appointing Bondurant, Mixson & Elmore, LLP; Cook & Connelly; Johnson & Bell, Ltd.; Foster PC; and Matthew D. Thames, Attorney-at-Law, LLC as "Class Counsel" in this Action.  The Claims Administrator shall distribute to Class Counsel, or their designees, such costs, expenses and attorneys' fees as are approved by the Court in the manner directed by Class Counsel.  The Claims Administrator shall make such distributions within twenty (20) days after the Effective Date.

        4.      **Demarcation.**  It is the intention of the Parties to demarcate clearly between settlement proceeds in which Class Members have an interest which may subject them to tax liability and Class Counsel fees in which Class Members have no interest and on which it is intended they should not pay tax.  Accordingly, the amount paid separately to Class Counsel for costs, expenses, and attorneys' fees is independent of and apart from the amounts paid to

Class Members, and Class Members shall at no time have any interest in costs, expenses, and attorneys' fees paid to Class Counsel.  Mohawk, Zurich, and Class Counsel make no representation regarding and shall have no responsibility for the tax treatment of costs, litigation expenses, attorneys' fees, or any other payments paid to Class Counsel or the tax treatment of any amounts paid under this Settlement Agreement.

        **E.**      **Residual.**  In the event that there is any residual in the Settlement Fund after the distributions required by this Settlement Agreement are completed, that residual shall revert to and be the sole property of Zurich.  The Claims Administrator will distribute the residual as two checks made payable to "Zurich North America Ref. #941-0121593."  The first check is payable within thirty (30) days after all Class Member Awards are paid and will be the amount of the residual less the Claims Administrator's estimate of the amount required to conclude the Claims Administrator's obligations under the Settlement Agreement.  The second check is payable thirty (30) days after the Claims Administrator's obligations under the Settlement Agreement are concluded.

## IV.    TERMINATION OF THE SETTLEMENT AGREEMENT

        Each individual to whom the Claims Administrator mails a Notice is designated a "Potential Claimant."  In the event that the number of timely and valid claims filed by Potential Claimants is greater than fifty percent of the total number of Potential Claimants ("Condition"), then Zurich shall have the right to terminate this Settlement Agreement ("Termination Option"). In the event that Zurich chooses to exercise its Termination Option, it must do so within ten (10) business days following the Claims Administrator's Reporting Date (the "Termination Period"), and it must do so in writing to the Court, Class Counsel, and counsel for Mohawk.

756198.1

In the event that Zurich does not exercise its Termination Option within the Termination Period, the Termination Option shall expire and be forever waived. In addition, if Zurich does not exercise its Termination Option within the Termination Period, then as of the Effective Date, all of Mohawk's document and evidence preservation obligations related to this Action (including under the Court's "Order Governing Defendant Mohawk Industries, Inc.'s Preservation of Documents," dated April 27, 2007), shall immediately expire and cease to exist.

In the event that Zurich does timely exercise its Termination Option, then (a) this Settlement Agreement shall have no force and effect and be null and void except that Section III(A)(4) shall continue to govern the return of funds and Section VI(A) shall remain in effect; (b) the Parties shall return to the positions they occupied before entering into this Settlement Agreement, including retaining all rights, claims and defenses they had prior to entering the Settlement Agreement; (c) Zurich shall be liable for and pay all costs of settlement administration that have been incurred in connection with efforts to administer the settlement; and (d) the Settlement Agreement, any motions to approve the Settlement Agreement and the settlement negotiations shall be without prejudice to the rights of any party, shall not be attempted to be used by any Party in this Action and shall be inadmissible in the Action, except for proceedings to enforce any surviving aspect of the Settlement Agreement.

## V.    SETTLEMENT PROCEDURES

### A.    Preliminary Approval

The Parties shall, jointly or separately, move the Court to grant preliminary approval of this Settlement Agreement, to preliminarily certify the Class, and to approve the Notice of Class Action, Proposed Settlement Agreement and Settlement Hearing ("Notice") attached hereto as Exhibit A, and the Claim Form and Release attached hereto as Exhibit B.

### B.    Provision of Information to Claims Administrator

Mohawk will provide the Claims Administrator with the information required to administer this settlement to the extent that Mohawk maintains such information in a form that is not unduly burdensome to retrieve. Mohawk will provide the following information from its computerized record system for each hourly employee who worked in a job at the facilities falling within the Class Definition during the Class Period: first, middle, and last name; last known address; social security number; dates of hire and termination; and number of days of service (not excluding weekends and holidays) for jobs at the facilities falling within the Class Definition during the Class Period. Mohawk will provide the Claims Administrator with the foregoing information within ten (10) calendar days of execution of this Settlement Agreement, and shall use its best efforts to provide other requested information within ten (10) calendar days of a request. The Claims Administrator shall use Class Members' social security numbers only for purposes of administering this settlement and shall keep those social security numbers confidential.

    C.    **<u>Class Notice</u>**

Within thirty (30) days after the Court grants preliminary approval of this Settlement Agreement, the Claims Administrator shall mail the Notice attached hereto as Exhibit A, or such Notice as is approved by the Court, to the Class Members by first class mail. The Claims Administrator shall update the last known addresses of the Class Members through the National Change of Address system or similar databases. With respect to any Notices that are returned as undelivered, the Claims Administrator shall attempt one trace and, if the trace establishes an alternate address, attempt one additional mailing of the Notice to the alternate address. The Claims Administrator shall not be obligated to undertake additional traces or additional mailing

efforts. The Claims Administrator shall also maintain, through at least the Claim Deadline, a website containing at least the Notice and the Claim Form and Release.

**D.** **Opt-Outs and Objections**

As set forth below, Class Members shall have the right to opt out of the Class and this Settlement Agreement or to object to this Settlement Agreement.

**1.** **Requirements for Opting Out.** Any Class Member who wishes to opt out of the Class and this Settlement Agreement must mail to the Claims Administrator, at the address listed in the Notice, a written, signed, and dated statement that he or she is opting out of the Class and understands that he or she will receive no money from the settlement of this Action. To be effective, this opt out statement must be received no later than forty-five (45) days after the Notice Date. The Claims Administrator will, within two (2) business days of receiving any opt out statement, provide counsel for the Parties with a copy of the opt out statement. The Claims Administrator will, at least five (5) calendar days before the Settlement Hearing, file copies of all opt out statements with the Court. The Class will not include any individuals who send timely and valid opt out statements, and individuals who opt out are not entitled to any monetary award under this Settlement Agreement.

**2.** **Requirements for Objecting.** Any Class Member who wishes to object to this Settlement Agreement must mail to the Court, Class Counsel, Mohawk's Counsel, and Zurich's Counsel, at the addresses listed in the Notice, a written, signed, and dated objection containing (1) a detailed description of the basis for the objection and any supporting papers or briefs and (2) proof of membership in the Class. To be effective, this objection must be received by the Court, Class Counsel Mohawk's Counsel and Zurich's Counsel no later than forty-five (45) days after the Notice Date (the "Objection Deadline"). No one may appear at the Settlement

Hearing for the purpose of objecting to the Settlement Agreement without having properly served a timely objection, and no one may object to the Settlement Agreement without having properly served a timely objection. The Parties shall have the right to take discovery, including via subpoenas *duces tecum* and depositions, from any objector.

3.    **Waiver of Objections.**  Except for Class Members who opt out of the Class in compliance with the foregoing, all Class Members will be deemed to be members of the Class in the Action for all purposes under this Settlement Agreement, the final approval order, the judgment, and the releases set forth in this Settlement Agreement and, unless they have timely asserted an objection to this Settlement Agreement, shall be deemed to have waived all objections and opposition to its fairness, reasonableness, and adequacy.

4.    **No Encouragement of Objections.**  Neither Class Counsel, Mohawk, Zurich, their counsel, nor any person acting on their behalf, shall seek to solicit or otherwise encourage anyone to object to the Settlement Agreement or appeal from any order of the Court that is consistent with the terms of this Settlement Agreement.

E.    **Settlement Hearing**

The Court shall hold a hearing to consider final approval of this Settlement Agreement (the "Settlement Hearing") no sooner than fifteen (15) days after the Objection Deadline and no later than thirty (30) days after the Objection Deadline. The Objection Deadline is forty-five (45) days after the Notice Date.

F.    **Entry of Judgment**

The Court will not enter final judgment in the Action until being notified that either (1) the Termination Period has expired without Zurich exercising its Termination Option, or (2) the Condition required to trigger the Termination Option has not occurred.

## VI.    GENERAL PROVISIONS

### A.    No Admission of Liability, No Collateral Use

The Parties acknowledge and agree that this Settlement Agreement is a voluntary and mutually acceptable resolution of the Class's claims.  By entering into this settlement, Mohawk does not admit wrongdoing or liability as to any matter whatsoever.  Mohawk denies the claims set forth in Plaintiffs' Complaint.  The Class asserts the merits and validity of its claims.  This Settlement Agreement shall not be cited, offered, or construed as an admission or evidence (including but not limited to an admission or evidence of the propriety or feasibility of certifying a class) in this Action or any other action or proceeding except for purposes of seeking approval, fulfillment, or enforcement of this Settlement Agreement.  Notwithstanding the foregoing, this Settlement Agreement may be used in any proceeding in the Court or in mediation or arbitration to enforce or implement any provision of this Settlement Agreement or implement or enforce any orders or judgments of the Court entered into in connection with this Settlement Agreement.

### B.    Dismissal With Prejudice

The motion for final approval of this Settlement Agreement shall include a request by Plaintiffs that the Court grant final approval of the Settlement Agreement, enter a final Judgment incorporating the Settlement Agreement into the Judgment and, if the Court grants final approval of the Settlement Agreement and incorporates the Settlement Agreement into the final Judgment, that the Court dismiss this Action with prejudice, subject to the Court's continuing jurisdiction to enforce the Settlement Agreement.  In the event the Judgment is reversed or the Settlement Agreement does not become final and binding, the Parties agree that the Court shall vacate any dismissal with prejudice.

C.    **Releases**

1.    **Class Member Release.**

a.    Upon the Effective Date, each Class Member who has not opted out of the Class remises, releases, acquits, waives and forever discharges the Mohawk Released Parties of and from any and all manner of actions, causes of action, suits, debts, judgments, rights, demands, damages, compensation, injuries to business, loss of service, expenses, attorneys' fees, litigation costs, other costs, rights or claims for reimbursement of attorneys fees, and claims of any kind or nature whatsoever, in law or equity, under any theory of common law or under any federal, state, or local law, statute, regulation, ordinance, or executive order that the Class Member ever had, whether directly or indirectly, that occurred from the beginning of time through December 31, 2009, WHETHER HERETOFORE OR HEREAFTER ACCRUING, WHETHER FORESEEN OR UNFORESEEN, OR WHETHER KNOWN OR UNKNOWN TO ALL OR ANY OF THE PARTIES (i) for wage depression or benefits depression that were or could have been asserted against Mohawk based on the facts alleged in this Action; (ii) that arise out of allegations that Mohawk, or any temporary agency, contract labor firm, or recruiter retained or used by Mohawk caused any class-wide economic injury through the hiring, employment, use (including but not limited to use on a temporary basis or contract labor basis), preference for or payment of illegal aliens, undocumented workers, or Hispanic or Latino workers; (iii) that arise out of the immigration or immigration-related laws, rules, and regulations of the United States, any state (or subdivision thereof), or any municipality; (iv) that relate to compensation or benefits and arise under the antitrust, information sharing, or price-fixing laws, rules, and regulations of the United States, any state (or subdivision thereof), or any municipality; or (v) that relate to the exchange of compensation or benefits information or the

fixing with other parties of compensation or benefits and arise under the unfair competition or unfair business practices laws, rules, and regulations of the United States, any state (or subdivision thereof), or any municipality (collectively, the "Released Claims").

b.    Upon the Effective Date, each of the Class Members who has not opted out of the Class fully, finally, and forever release and discharge, and shall be forever enjoined from prosecuting, all Released Claims against the Mohawk Released Parties.

c.    "Mohawk Released Parties" means and includes Mohawk Industries, Inc.'s past, present and future parent corporation(s), wholly and majority-owned company(ies), past, present and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns; and all of these entities' employee benefit plans, fiduciaries, administrators, wage or benefit consultants, officers, directors, managers, employees, and attorneys.

d.    Each Class Member who does not opt out of the Class hereby stipulates and agrees, with respect to any and all Released Claims only, that, on the Effective Date, the Class Member shall be conclusively deemed to, and by operation of the final judgment shall, waive and relinquish any and all rights or benefits they may now have, or in the future may have, under any law relating to the release of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides:

*A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.*

Also, the Class Members who have not opted out, with respect to the Released Claims only, shall, upon the Effective Date, waive any and all provisions, rights, and benefits conferred

by any law, or any State or territory of the United States or any foreign country, or any principle

of common law, which is similar, comparable, or equivalent in substance to Section 1542 of the

California Civil Code.

   e. The release in Section VI(C)(1)(a) to (d) applies to each and every

Class Member who does not timely opt out of the Class, regardless of whether the Class Member

receives any monetary award pursuant to this Settlement Agreement.

   f. To obtain any monetary award in this case, each member of the

Class will be required to execute a Claim Form and Release that releases the Mohawk Released

Parties from any and all Released Claims.

   2. **Mohawk/Zurich Release.** Upon the final approval by the Court of this

Settlement Agreement and after (a) the Termination Period has expired without Zurich

exercising its Termination Option or (b) the Condition required to trigger the Termination Option

has not occurred, Mohawk and Zurich shall mutually release each other (and each of their

respective present and former subsidiaries, shareholders, officers, directors, employees, agents,

attorneys, insurers, affiliates, successors, and assigns) from any and all claims, known or

unknown, existing prior to December 31, 2009, that were or could have been asserted:  (1) based

on the facts alleged in this Action, including but not limited to all claims made by Mohawk or

Zurich in relation to Claim No. 941-0121593 under policy No. EOC 5229105-02; (2) related to

or arising from Policy No. EOC 5229105-02; (3) claims for attorneys' fees, costs, and expenses

related to Policy EOC 5229105-02; and (4) claims and causes of action relating to the approval

by the Court of the Settlement Agreement.

   3. **Undiscovered Facts.** Class Counsel or the Class Members may hereafter

discover facts in addition to or different from those which they know or believe to be true with

respect to the Released Claims.  Such facts, if known by them, might have affected the decision to settle with Mohawk and Zurich or remise, release, relinquish, acquit, waive, and forever discharge the Released Claims, or might have affected the decision of a member of the Class not to object to the Settlement Agreement.  Nevertheless, on the Effective Date, each Class Member who has not opted out of the Class shall have fully, finally, and forever settled, remised, released, relinquished, acquitted, waived and discharged any and all Released Claims.  The Class Members who have not opted out of the Class acknowledge that the foregoing release of claims was separately bargained for and a key element of this Settlement Agreement.

**D.      Documents and Information Produced by Mohawk and Plaintiffs.**

This Settlement Agreement hereby incorporates the terms of the Agreed to Protective Order entered by the Court on May 20, 2004.  Class Counsel and Mohawk shall take the actions required by Paragraph 12 of that Order within thirty (30) days after the Effective Date.

**E.      Press Release and Media Comment.**

On or before the date that Plaintiffs or the Parties jointly move for preliminary approval of this Settlement Agreement, the Parties shall issue the press release attached hereto as Exhibit C.  Mohawk shall direct all media inquiries regarding the Settlement Agreement to Juan P. Morillo.  Class Counsel and the Class Representatives shall direct all media inquiries regarding the Settlement Agreement to Howard Foster.  Class Counsel's discussion of this case with the media and in venues where the media is present shall be limited to conveying information in the press release, conveying information in the Settlement Agreement and Notice, and to referring the listener to publicly-filed documents.  Zurich shall direct all media inquiries regarding the Settlement Agreement to Julie Larsen.  The remedy for any breach of this Section VI(E) is limited to injunctive relief and shall not include monetary damages or penalties.

F.    **Cooperation**

The Parties agree that they will cooperate to effectuate and implement the terms and conditions of this Settlement Agreement.

G.    **Effective Date**

1.    **Defined.**  "Effective Date" means the first date by which all of the following have occurred:  (1) the Court has entered an Order granting final approval of this Settlement Agreement; (2) the Court has entered a final Judgment incorporating this Settlement Agreement and dismissing the Action with prejudice, with continuing jurisdiction limited to enforcing the Settlement Agreement; (3) the time for appeal has either run without an appeal having been filed or any appeal (including any requests for rehearing en banc or petitions for certiorari or appellate review) has been finally resolved; and (4) the Court has awarded expenses and attorneys' fees to Class Counsel.

2.    **Absence of Approval.**  In the event that this Settlement Agreement does not become final and binding, no Party shall be deemed to have waived any claims, objections, rights or defenses, or legal arguments or positions, including but not limited to, claims or objections to class certification, or claims or defenses on the merits.  Each party reserves the right to prosecute or defend this Action in the event that the Settlement Agreement does not become final and binding.

H.    **Judicial Enforcement**

The Court shall have continuing authority and jurisdiction to enforce this Settlement Agreement.  The Parties shall have the authority to seek enforcement of this Settlement Agreement and any of its aspects, terms, or provisions under any appropriate mechanism, including contempt proceedings.  The Parties will confer in good faith prior to seeking judicial enforcement of this Settlement Agreement.

756198.1

### I.    Effect of Prior Agreements

This Settlement Agreement constitutes the entire agreement and understanding of the Parties with respect to the settlement of this Action, contains the final and complete terms of the settlement of the Action and supersedes all prior agreements between the Parties regarding settlement of the Action.  The Parties agree that there are no representations, understandings, or agreements relating to the settlement of this Action other than as set forth in this Settlement Agreement.

### J.    No Drafting Presumption

All Parties hereto have participated, through their counsel, in the drafting of this Settlement Agreement, and this Settlement Agreement shall not be construed more strictly against any one party than the other parties.  Whenever possible, each term of this Settlement Agreement shall be interpreted in such a manner as to be valid and enforceable.  Headings are for the convenience of the Parties only and are not intended to create substantive rights or obligations.

### K.    Notices

All notices to the Parties or counsel required or desired to be given under this Settlement Agreement shall be in writing and sent by overnight mail and fax as follows:

To Plaintiffs:  Howard Foster, Esq., Foster P.C., 55 W. Wacker Dr., Suite 1400, Chicago, IL 60601; Fax No. 866-470-5738.

To Mohawk: Juan Morillo, Esq., Clifford Chance US LLP, 2001 K Street NW, Washington, DC 20006; Fax No. 202-912-6000.

To Zurich:  Julie Dean Larsen, Esq., Kutak Rock LLP, 18201 Von Karman Avenue, Suite 1100, Irvine, California  92612; Fax No.:  (949) 417-5394.

**L.**   **Modifications**

No modifications to this Settlement Agreement may be made without written agreement of all Parties and Court approval.

**M.**   **No Third Party Beneficiaries**

This Settlement Agreement shall not inure to the benefit of any third party.

**N.**   **Execution in Counterparts**

This Settlement Agreement may be executed in counterparts.  Each signed counterpart together with the others shall constitute the full Settlement Agreement.  Each signatory warrants that the signer has authority to bind his party.

FOR THE CLASS:


John E. Floyd
Georgia Bar No. 266413
Joshua F. Thorpe
Georgia Bar No. 710665
Ronan P. Doherty
Georgia Bar No. 224885
Nicole G. Iannarone
Georgia Bar No. 382510
BONDURANT, MIXSON & ELMORE, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309

Bobby Lee Cook
Georgia Bar No. 183100
COOK & CONNELLY
9899 Commerce Street
Summerville, Georgia 30747

William Johnson
JOHNSON & BELL, LTD.
Suite 2700
33 West Monroe Street
Chicago, Illinois 60603

Howard Foster
Foster P.C.
55 W. Wacker Dr.
Suite 1400
Chicago, IL 60601

Matthew D. Thames
Georgia Bar No. 703130
Matthew D. Thames, Attorney-at-Law, LLC
1419 Chattanooga Ave.
P.O. Box 2203
Dalton, GA 30722-0399

756198.1

FOR MOHAWK INDUSTRIES, INC.:

Title: *Chief Executive Officer*

FOR ZURICH AMERICAN INSURANCE CO.:

Title: Vice President Specialties Claims

756198.1

27