EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA, ROME DIVISION
*WILLIAMS v. MOHAWK INDUSTRIES, INC.*, NO. 04-CV-3-HLM
_____, 2010

### NOTICE OF CLASS ACTION, PROPOSED SETTLEMENT AGREEMENT AND SETTLEMENT HEARING

TO:   ALL PERSONS LEGALLY AUTHORIZED TO BE EMPLOYED IN THE UNITED STATES WHO ARE OR HAVE BEEN EMPLOYED IN HOURLY POSITIONS BY MOHAWK INDUSTRIES, INC., ITS SUBSIDIARIES OR AFFILIATES IN GEORGIA AT ANY TIME FROM JANUARY 1, 1999 TO DECEMBER 31, 2009 (THE "CLASS PERIOD"), OTHER THAN AN EXCLUDED EMPLOYEE. (HEREINAFTER, "CLASS" OR "CLASS DEFINITION.")

AN EXCLUDED EMPLOYEE IS AN EMPLOYEE WHOSE EMPLOYMENT AT MOHAWK HAS BEEN LIMITED TO DAL-TILE, UNILIN, OR MOHAWK FACILITIES IN MILLEDGEVILLE, DUBLIN, TIFTON, NORCROSS, KENNESAW, OR ATLANTA, GEORGIA.

*PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS WILL BE AFFECTED BY PROCEEDINGS IN THIS LAWSUIT.*

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the _____, 2010 Order of this Court, that (1) the Class Representatives preliminarily certified by the Court, on behalf of the Class, (2) Mohawk Industries, Inc. ("Mohawk"), and (3) Zurich American Insurance Co. ("Zurich") have entered into a Settlement Agreement dated as of December 31, 2009 ("Settlement Agreement") resolving the class-wide claims in this case.

A hearing (the "Settlement Hearing") will be held before the Honorable Harold L. Murphy of the United States District Court for the Northern District of Georgia (the "Court" or "District Court") to determine whether the terms of the proposed Settlement Agreement are fair, reasonable and adequate and should be approved and whether final judgment should be entered.  The Settlement Hearing will be held on _____, 2010, at the United States Courthouse, 600 East First Street, Rome, Georgia 30161.  **You are permitted but not required to attend the Settlement Hearing.**

This Notice summarizes the key provisions of the Settlement Agreement.  **Please pay particular attention to Parts IV, V and VI of the Notice, which describe what you need to do to receive a monetary award, the procedures you must follow if you choose to opt out of the Class or object to the Settlement Agreement and deadlines under the Settlement Agreement**.

### I.   NATURE OF THE ACTION AND BACKGROUND OF SETTLEMENT

Plaintiffs filed the complaint in this case more than six years ago, on January 6, 2004.  In the complaint, Plaintiffs sought to represent a class and asserted claims that Mohawk had violated the federal Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq.*, and the Georgia RICO Act, O.C.G.A. § 16-14-1 *et seq.*, by violating federal laws relating to the hiring and harboring of unauthorized aliens and the use of certain documents (including 8 U.S.C. §§ 1324(a)(3), 1324(a)(1)(A)(iii) & (iv) and 18 U.S.C. §§ 1546(a) & (b)).  Plaintiffs also asserted unjust enrichment claims relating to alleged workers' compensation and wages savings.  Mohawk filed an Answer denying that it had engaged in the conduct alleged and denying liability.

On February 9, 2004, Mohawk filed a motion to dismiss the case. The District Court denied that motion as to the federal and Georgia RICO claims and granted it as to the unjust enrichment claims related to workers' compensation. The District Court permitted Mohawk to seek leave to appeal to the United States Court of Appeals for the Eleventh Circuit (the "Eleventh Circuit"), noting that the Seventh Circuit had rejected federal RICO claims similar to those brought by Plaintiffs. The District Court stayed all discovery pending appellate proceedings.

The Eleventh Circuit exercised its discretion to accept Mohawk's appeal. On June 9, 2005, the Eleventh Circuit affirmed the District Court's ruling on the motion to dismiss, except that it held that the District Court should have dismissed Plaintiffs' unjust enrichment claims relating to wages as well as workers' compensation savings. Mohawk then petitioned the United States Supreme Court to review the Eleventh Circuit's ruling. The Supreme Court granted that petition and heard oral argument on April 26, 2006. On June 5, 2006, the Supreme Court remanded the case to the Eleventh Circuit for further consideration in light of an intervening federal RICO decision. On September 27, 2006, the Eleventh Circuit affirmed the denial of Mohawk's motion to dismiss the federal and Georgia RICO claims and ruled that all unjust enrichment claims should be dismissed.

In March 2007, the discovery process began. Discovery proceeded in accordance with a March 16, 2004 Scheduling Order limiting the first phase of discovery to whether or not class certification was appropriate. Plaintiffs, through Class Counsel, served interrogatories, document requests, and requests for admission on Mohawk and also sought discovery from third parties. Mohawk produced approximately one million pages of documents and approximately 20 million database records. Class Counsel took thirteen depositions, including depositions of Mohawk and depositions of temporary employment agencies that contracted with Mohawk. Class Counsel also engaged two expert witnesses to testify as to the viability of proving the impact of the conduct alleged in the complaint on a class-wide basis.

On December 18, 2007, the Class Representatives filed a motion for certification of the Class. On March 3, 2008, the District Court denied the motion, ruling that the commonality, typicality, predominance and superiority requirements for class certification under Federal Rule of Civil Procedure 23 had not been satisfied. The Class Representatives sought and obtained permission to appeal to the Eleventh Circuit, and the District Court entered a stay of the case.

On May 28, 2009, the Eleventh Circuit vacated the District Court's denial of the Class Representatives' motion for class certification and remanded for the District Court to assess whether common issues predominate over individual issues and whether a class action is superior to other forms of relief under Rule 23(b)(3).

On July 10, 2009, the Class Representatives and Mohawk reported to the District Court that they had agreed to mediation. Counsel for the Class, Mohawk and Zurich met for a mediation session in August 2009, and continued settlement negotiations thereafter, including via the mediator. On November 16, 2009, the District Court ordered Plaintiffs, Mohawk, Zurich and the mediator to attend a December 2, 2009 status conference at the Courthouse at which the issue of settlement would be addressed. At a mediation session conducted at the Courthouse on that date, Plaintiffs, Mohawk, and Zurich agreed to a settlement. The Settlement Agreement reflects the terms to which Plaintiffs, Mohawk and Zurich have agreed. The Court preliminarily approved the Settlement Agreement on _____, 2010, and directed that this Notice be sent to the Class Members.

## II. THE CLASS, CLASS REPRESENTATIVES AND CLASS COUNSEL

For purposes of settlement, the Court has preliminarily certified the Class defined above; certified Plaintiffs Bonnie Jones and Gale Pelfrey as "Class Representatives"; and certified Bondurant, Mixson & Elmore, LLP, Cook & Connelly, Johnson & Bell, Ltd., Foster PC, and Matthew D. Thames, Attorney-at-Law, LLC as "Class Counsel."

755567.1

Class Counsel have concluded that settling the case under the terms of the Settlement Agreement is in the best interests of the Class. This conclusion is based on factors including the substantial benefits the Settlement Agreement confers upon the Class; the uncertainties of outcome in this complex case; and the time and expense necessary to prosecute the case through trial and appeal, including the prospect of years of additional litigation.

Mohawk has reviewed the claims in detail, and it has denied any wrongdoing or liability in this matter. Nevertheless, Mohawk agrees that this case should be dismissed under the terms of the Settlement Agreement to avoid further expense and burdensome litigation.

### III. SUMMARY OF RELIEF

A.   **Monetary Relief.**  Mohawk and Zurich have agreed to establish a Settlement Fund of $18 million. Subject to Court approval, two Class Representative Service Awards, an Administration, Withholding, Expense and Fee Award, and if necessary, a Supplemental Settlement Administration Payment, will be paid out of the Settlement Fund. The remainder of the Settlement Fund will be divided into a Wages Fund and Non-Wages Fund from which Class Members may, by complying with the Settlement Agreement, obtain monetary awards. The Non-Wages Fund is established to resolve Class Members' claims for treble damages. Mohawk and Zurich have already placed $12 million in an interest-bearing account, with the interest going to pay part of the costs of settlement administration. Zurich will place additional funds in the account as necessary under the Settlement Agreement.

1.   **The Wages Fund and the Non-Wages Fund**. The Wages Fund and Non-Wages Fund shall be distributed as follows: Mohawk has provided a Claims Administrator selected by Class Counsel with information reflecting (i) the total number of days of service (not excluding weekends and holidays) for all hourly employees who worked in jobs at the facilities falling within the Class Definition during the Class Period ("Total Class Service"); and (ii) the number of days of service (not excluding weekends and holidays) for each hourly employee in jobs at the facilities falling within the Class Definition during the Class Period ("Individual Class Member Service").

**Base Awards**.  Each Class Member will be allocated a "Base Award" as follows:  Class Members whose Individual Class Member Service is from 1-29 days will be allocated a Base Award of $25; Class Members whose Individual Class Member Service is from 30-90 days will be allocated a Base Award of $75; and Class Members whose Individual Class Member Service exceeds 90 days will be allocated a Base Award of $150. For each Class Member, 1/3 of the Class Member's Base Award will be allocated from the Wages Fund ("Base Wages Fund Award") and 2/3 of the Class Member's Base Award will be allocated from the Non-Wages Fund ("Base Non-Wages Fund Award").

**Additional Awards**.  Each Class Member will also be allocated an "Additional Award" as follows:  For each Class Member, the Claims Administrator will determine the percentage of the Total Class Service represented by the Individual Class Member Service ("the Individual Class Member Percentage"); the Claims Administrator will multiply each Class Member's Individual Class Member Percentage by the amount of the Wages Fund that exceeds the total amount of all Base Wages Fund Awards to generate an "Additional Wages Fund Award" for each Class Member; and the Claims Administrator will multiply each Class Member's Individual Class Member Percentage by the amount of the Non-Wages Fund that exceeds the total amount of all Base Non-Wages Fund Awards to generate an "Additional Non-Wages Fund Award" for each Class Member. The Claims Administrator will add each Class Member's Base Wages Fund Award and Additional Wages Fund Award to calculate an "Individual Wages Fund Award." The Claims Administrator will add each Class Member's Base Non-Wages Fund Award and Additional Non-Wages Fund Award to calculate an "Individual Non-Wages Fund Award." The data provided to the Claims Administrator by Mohawk shall be conclusive for purposes of the award calculations.

The precise amount of the individual awards cannot be calculated until after the Court determines the amount of the Class Representative Service Awards and Administration, Withholding, Expense and Fee Award.

The Claims Administrator will withhold from the Individual Wages Fund Awards all employee obligations for required withholdings and will remit and report those obligations as required by law.  The Claims Administrator will, if possible, include in the mailings containing the Individual Wages Fund Awards and Individual Non-Wages Fund Awards any tax documents that are required in connection with those awards.  Class members should consult their tax advisors in connection with this Settlement Agreement as the Class Representatives, Class Counsel, Mohawk and Zurich make no representations regarding and have no responsibility for the tax treatment of any aspect of the Settlement Agreement.  The Claims Administrator will also remit to the appropriate authorities the employer's withholding obligations (including but not limited to FICA and FUTA taxes and any state unemployment contributions) required to be paid on the Class Member's Individual Wages Fund Awards ("Employer Withholding Obligations").

If any issue is raised by any party, any Class Member or any person claiming to be a Class Member as to an individual's membership in the Class, an individual's timely return of a Claim Form and Release, the sufficiency or validity of a Claim Form and Release, the calculation of a Class Member's Individual Class Member Service or Individual Class Member Percentage, the amount of a Class Member's Individual Wages Fund Award or Individual Non-Wages Fund Award, or the Class Member's eligibility for such an award, counsel for the Parties and Zurich shall confer.  If counsel are unable to resolve the issue, the issue will be resolved by the Claims Administrator, whose decision shall be final, binding, and non-appealable.

2. **Class Representative Service Awards**.  The two Class Representatives will apply for awards, which must be approved by the Court, from the Settlement Fund of up to $25,000 each for their participation in the Action and service to the Class.  Class Counsel state that, throughout the more than six years this case has been pending, the Class Representatives have provided valuable services to the Class and assistance to Class Counsel.  The Class Representatives subjected themselves to the risks, costs, and loss of privacy attendant to their status as litigants and underwent discovery procedures, including document requests, interrogatories and depositions.

3. **Supplemental Settlement Administration Payment**.  If the combined costs of settlement administration and the Employer Withholding Obligations exceed $500,000, the portion of such costs that exceeds $500,000 shall be paid out of the Settlement Fund.

4. **Administration, Withholding, Expense and Fee Award**.  Class Counsel will apply to the Court for an award(s) from the Settlement Fund of up to a total of $6,000,000 to cover the costs of (1) settlement administration, (2) the Employer Withholding Obligations, (3) reimbursement of expenses advanced and incurred by Class Counsel in prosecuting this case (including expert witness fees and expenses), and (4) payment of attorneys' fees.  Class Counsel estimate that the costs of settlement administration will be $285,000 or more and that they incurred approximately $365,000 in expenses through December 31, 2009, and will incur certain additional expenses before the Settlement Hearing.  The Court will review, approve and determine the amount of the Administration, Withholding, Expense and Fee Award.

5. **Residual**.  In the event that there is any residual in the Settlement Fund after the distributions required by this Settlement Agreement are completed, that residual shall revert to and be the sole property of Zurich.

B.   **Training and Compliance**.  For two years after the Effective Date, Mohawk shall (1) conduct annual training regarding federal and Georgia laws relating to the verification of employment eligibility for all personnel with regular responsibility for verifying employment eligibility for employees being hired to work at the Mohawk facilities included within the Class Definition; and (2) maintain a telephone number to which

755567.1

callers may anonymously report alleged violations of federal and Georgia laws relating to the verification of employment eligibility at the Mohawk facilities included within the Class Definition.

  **C.**  **Termination Option.**  Each individual to whom the Claims Administrator mails a Notice is designated a "Potential Claimant."  In the event that the number of timely and valid claims filed by Potential Claimants is greater than fifty percent of the total number of Potential Claimants, then Zurich shall have the right, but not the obligation, to terminate this Settlement Agreement.  If Zurich chooses to exercise this option, it must do so in writing, with notice to the Court, Class Counsel and Mohawk within ten business days of receiving the Claims Administrator's report as to the total number of timely, valid Claim Forms and Releases the Claims Administrator received.  If Zurich exercises this option, then the Settlement Agreement shall be null and void, and the Parties shall return to the positions they occupied prior to entering into this Settlement Agreement, and Zurich shall pay all costs of settlement administration.

  **D.**  **Class Member Release.**

  1.  Upon the Effective Date, each Class Member who has not opted out of the Class remises, releases, acquits, waives and forever discharges the Mohawk Released Parties of and from any and all manner of actions, causes of action, suits, debts, judgments, rights, demands, damages, compensation, injuries to business, loss of service, expenses, attorneys' fees, litigation costs, other costs, rights or claims for reimbursement of attorneys fees, and claims of any kind or nature whatsoever, in law or equity, under any theory of common law or under any federal, state, or local law, statute, regulation, ordinance, or executive order that the Class Member ever had, whether directly or indirectly, that occurred from the beginning of time through December 31, 2009, WHETHER HERETOFORE OR HEREAFTER ACCRUING, WHETHER FORESEEN OR UNFORESEEN, OR WHETHER KNOWN OR UNKNOWN TO ALL OR ANY OF THE PARTIES (i) for wage depression or benefits depression that were or could have been asserted against Mohawk based on the facts alleged in this Action; (ii) that arise out of allegations that Mohawk, or any temporary agency, contract labor firm, or recruiter retained or used by Mohawk caused any class-wide economic injury through the hiring, employment, use (including but not limited to use on a temporary basis or contract labor basis), preference for or payment of illegal aliens, undocumented workers, or Hispanic or Latino workers; (iii) that arise out of the immigration or immigration-related laws, rules, and regulations of the United States, any state (or subdivision thereof), or any municipality; (iv) that relate to compensation or benefits and arise under the antitrust, information sharing, or price-fixing laws, rules, and regulations of the United States, any state (or subdivision thereof), or any municipality; or (v) that relate to the exchange of compensation or benefits information or the fixing with other parties of compensation or benefits and arise under the unfair competition or unfair business practices laws, rules, and regulations of the United States, any state (or subdivision thereof), or any municipality (collectively, the "Released Claims").

  2.  Upon the Effective Date, each of the Class Members who has not opted out of the Class fully, finally, and forever release and discharge, and shall be forever enjoined from prosecuting, all Released Claims against the Mohawk Released Parties.

  3.  "Mohawk Released Parties" means and includes Mohawk Industries, Inc.'s past, present and future parent corporation(s), wholly and majority-owned company(ies), past, present and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns; and all of these entities' employee benefit plans, fiduciaries, administrators, wage or benefit consultants, officers, directors, managers, employees, and attorneys.

  4.  Each Class Member who does not opt out of the Class hereby stipulates and agrees, with respect to any and all Released Claims only, that, on the Effective Date, the Class Member shall be conclusively deemed to, and by operation of the final judgment shall, waive and relinquish any and all rights or benefits they

may now have, or in the future may have, under any law relating to the release of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Also, the Class Members who have not opted out, with respect to the Released Claims only, shall, upon the Effective Date, waive any and all provisions, rights, and benefits conferred by any law, or any State or territory of the United States or any foreign country, or any principle of common law, which is similar, comparable, or equivalent in substance to Section 1542 of the California Civil Code.

5. This release applies to each and every Class Member who does not timely opt out of the Class, regardless of whether the Class Member receives any monetary award pursuant to this Settlement Agreement.

6. To obtain any monetary award in this case, each member of the Class will be required to execute a Claim Form and Release that releases the Mohawk Released Parties from any and all Released Claims.

7. "Effective Date" means the first date by which all of the following have occurred: (1) the Court has entered an Order granting final approval of the Settlement Agreement; (2) the Court has entered a final Judgment incorporating the Settlement Agreement and dismissing the Action with prejudice, with continuing jurisdiction limited to enforcing the Settlement Agreement; (3) the time for appeal has either run without an appeal having been filed or any appeal (including any requests for rehearing en banc or petitions for certiorari or appellate review) has been finally resolved; and (4) the Court has awarded expenses and attorneys' fees to Class Counsel.

### IV.  WHAT YOU NEED TO DO TO RECEIVE YOUR AWARD

**To receive a monetary award under the Settlement Agreement**, that is, to recover your Individual Wages Fund Award and Individual Non-Wages Fund Award, **you must mail a complete Claim Form and Release to the Claims Administrator that is postmarked by _____, 2010**. **If you do not mail a complete Claim Form and Release to the Claims Administrator that is postmarked by _____, 2010, you will not receive any monetary award under this Settlement Agreement and will be deemed to have waived your right to do so.**

**You must provide all information requested by the Claim Form and Release, including providing a copy of one of the documents listed in Section 6 of that form**. This means that you must provide your name and address, social security number, place and date of birth, a sworn statement that you were legally authorized to be employed in the United States when you were employed by Mohawk and a copy of one of the documents listed in Section 6 of the form. By executing the Claim Form and Release, as discussed above, you will be giving up any Released Claims you have against Mohawk Released Parties, known or unknown, existing prior to December 31, 2009.

**If the Court grants final approval of the Settlement Agreement, the judgment in this case will dismiss all claims in the case with prejudice and will bind all Class Members who do not request exclusion from the Class, whether or not those Class Members return Claim Forms and Releases.**

### V.  YOUR RIGHT TO OPT OUT OR OBJECT TO THIS SETTLEMENT

755567.1

You may opt out of the Class, which will mean giving up your right to obtain any monetary award from the Settlement Agreement, by following the procedure set forth below. **Class Members who opt out of the Class will not obtain any money from the Wages Fund, the Non-Wages Fund, or this Settlement Agreement.** If you choose to opt out of the Class, you will be free to pursue any claims that you have under applicable law resulting from your employment at Mohawk, and Mohawk will be free to raise any defenses it has to your claims.

**Procedure for Opting Out.** If you want to opt out of the Class, you must mail to the following address a written, signed and dated statement that you are opting out of the Class and that you understand that you will receive no money from the settlement of this Action:

**Mohawk Class Action Litigation**
c/o [Claims Administrator]
[Street Address]
[City, State, Zip Code]

**To be effective, your opt out statement must be received by the Claims Administrator no later than [forty-five (45) days after the date of this Notice].** If you submit a timely and valid opt out statement, the Court will exclude you from the Class, and the judgment in this Action and the release in the Settlement Agreement will not apply to you.

**You cannot both opt out of the Class and object to the Settlement Agreement**. If you attempt both to opt out and to object, you will be deemed to have opted out and not objected. **You cannot both opt out of the Class and seek a monetary award under the Settlement Agreement**. If you attempt both to opt out and file a Claim Form and Release, you will be deemed to have opted out.

**Procedure for Objecting.** Any Class Member may, by following the procedures set forth below, object to the Settlement Agreement. **To object to the Settlement Agreement, a Class Member must mail to the Court, Class Counsel, Mohawk's Counsel and Zurich's Counsel, at the addresses listed below: (1) a written and dated objection containing a detailed description of the basis for the objection and any supporting papers or briefs and (2) proof of membership in the Class. To be effective, any objection must be received by the Court, Class Counsel, Mohawk's Counsel and Zurich's Counsel no later than [forty-five (45) days after the date of this Notice].**

| **Court** | **Class Counsel** |
|---|---|
| Office of the Clerk | Howard Foster, Esq. |
| United States Courthouse | Foster P.C. |
| 600 East First Street | 55 W. Wacker Dr. |
| Rome, GA 30161 | Suite 1400 |
| Attn: Mohawk Class Action | Chicago, IL 60601 |

| **Mohawk's Counsel** | **Zurich's Counsel** |
|---|---|
| Juan P. Morillo, Esq. | Julie D. Larsen, Esq. |
| Clifford Chance US LLP | Kutak Rock LLP |
| 2001 K Street NW | 18201 Von Karman Ave. |
| Washington, DC 20006 | Irvine, CA 92612 |

Any Class Member who does not object to the Settlement Agreement in the manner provided above and in full compliance with the Settlement Agreement shall be deemed to have waived any

755567.1

**objection and will forever be barred from objecting to the Settlement Agreement.** The Parties to the Settlement Agreement may conduct discovery of objectors.

Any Class Member may appear at the Settlement Hearing, in person or through counsel, and be heard as to why the proposed Settlement Agreement should or should not be approved and why judgment should or should not be entered. No Class Member may appear at the Settlement Hearing and object to the Settlement Agreement, however, if he or she has not followed the procedures for objecting described above. Further, in order to appear at the Settlement Hearing, a Class Member and his or her counsel must provide the Court, Class Counsel, Mohawk's Counsel and Zurich's Counsel with written notice of their intention to appear no later than ten (10) days before the Settlement Hearing. Class Members and counsel who fail to provide such notice will not be permitted to appear at the Settlement Hearing. Class Members may enter an appearance in this Action through counsel if they so desire.

## VI.  WHAT HAPPENS NEXT

By _____, 2010, (1) Class Members who wish to opt out must ensure that the Claims Administrator has received an opt out statement in compliance with the requirements of Part V of this Notice; and (2) Class Members who wish to object to this Settlement Agreement must ensure that the Court, Class Counsel, Mohawk's Counsel and Zurich's Counsel have received objections in compliance with the requirements of Part V of this Notice.

On _____, 2010, the Court will conduct a Settlement Hearing to evaluate the fairness, adequacy and reasonableness of the Settlement Agreement.

By _____, 2010, any Class Member who wishes to obtain individual monetary awards under the Settlement Agreement must have mailed a valid Claim Form and Release to the Claims Administrator in compliance with the procedures set forth in Part IV of this Notice.

If the Court grants final approval of the Settlement Agreement, the Court's order and judgment granting final approval are not appealed, and the Court has set the amount of the Administration, Withholding, Expense and Fee Award, the Settlement Agreement will become final and binding thirty days after entry of judgment.

Within twenty (20) days after the Settlement Agreement becomes final and binding, the Claims Administrator will mail award checks to Class Members who have submitted timely and valid Claim Forms and Releases. **If your mailing address changes before you receive your final monetary award, please notify the Claims Administrator in writing at the address listed in Part IV of this Notice.**

## VII.  HOW TO OBTAIN ADDITIONAL INFORMATION

This Notice only summarizes the case and the Settlement Agreement; it does not purport to be all-encompassing. For more information, you may go to [WEBSITE ADDRESS] or call the following toll-free number: [_____]. You may also consult the pleadings, the complete Settlement Agreement and other papers filed in the case, which are available for inspection at the Office of the Clerk, United States Courthouse, 600 East First Street, Rome, Georgia 30161 or on the PACER system. **Specific inquiries should not be directed to the Clerk's Office or the Court, however.** All written inquiries by Class Members to Class Counsel should be sent to the address for Class Counsel listed in Part V of this Notice.

755567.1