IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| SHIRLEY WILLIAMS, GALE PELFREY, BONNIE JONES and LORA SISSON, individually and on behalf of a class,  )<br>)<br>)<br>) | Civil Action<br>File No. 4:04-cv-03-HLM |
| Plaintiffs,  ) | CLASS ACTION |
| vs.  ) | |
| MOHAWK INDUSTRIES, INC.,  ) | |
| Defendant.  ) | |

[PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS
AND PRELIMINARILY APPROVING SETTLEMENT
AGREEMENT AND PROVIDING FOR NOTICE

Plaintiffs Bonnie Jones and Gale Pelfrey, defendant Mohawk Industries, Inc. and Mohawk's insurance carrier, Zurich American Insurance Co., have entered into a Settlement Agreement which, if approved by this Court, will resolve this class action. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, plaintiffs applied for an order preliminarily approving the Settlement Agreement.

Having reviewed the Settlement Agreement, the Court finds that Plaintiffs' Motion for Preliminary Approval should be GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Court preliminarily approves the Settlement Agreement as fair, just, reasonable and adequate as to the members of the Settlement Class, subject to further consideration at the Settlement Fairness Hearing described below.

2. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only and contingent upon the Settlement being finally approved, this Action is hereby certified as a class action on behalf of:

> All persons legally authorized to be employed in the United States who are or have been employed in hourly positions by Mohawk Industries, Inc., its subsidiaries or affiliates in Georgia at any time from January 1, 1999 to December 31, 2009 (the "Class Period"), other than an Excluded Employee (the "Class" or the "Class Definition").
>
> An "Excluded Employee" is an employee whose employment at Mohawk has been limited to: Dal-Tile, Unilin, or Mohawk facilities in Milledgeville, Dublin, Tifton, Norcross, Kennesaw, or Atlanta, Georgia.

3. For the purposes of the Settlement, the Court finds that the requirements of a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the named representatives are typical of the claims of the Settlement Class they

seek to represent; (d) the named plaintiffs will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Specifically, the Court finds that the issue of whether the defendant engaged in a pattern of racketeering activity in the manner alleged in the Complaint raises factual and legal questions that are common to all Settlement Class Members. The named plaintiffs are current and former hourly Mohawk employees who, like the Settlement Class Members, worked in Mohawk's non-excluded facilities in north Georgia. Like the Settlement Class Members, Pelfrey and Jones were paid hourly wages that the Complaint alleges were depressed by the conduct alleged therein. Accordingly, the claims of the named plaintiffs are typical of the claims of the Settlement Class. The Court finds no conflict or other reason why the named plaintiffs are not adequate to represent the Settlement Class, and the Court is satisfied that plaintiffs' counsel are adequate and competent to serve as class counsel. Thus, the requirements of Rule 23(a) are satisfied here. *See Williams v. Mohawk Industries, Inc.*, 568 F.3d 1350, 1355-57 (11th Cir. 2009).

The Court further finds that the requirements of 23(b)(3) are satisfied. In the settlement context, the "Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). However, the "district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial." *Id.* at 620. Thus, any manageability issues that might or might not arise at trial from proving injury and damages on behalf of the class members are not relevant to certification of a settlement class.

4. For the purposes of the Settlement, plaintiffs Bonnie Jones and Gale Pelfrey are certified as Class Representatives.

5. The Court hereby appoints the following attorneys as Class Counsel for the Settlement Class:

>Bobby Lee Cook
>Cook & Connelly
>9899 Commerce Street
>P.O. Box 370
>Summerville, GA 30747

        John E. Floyd
        Joshua F. Thorpe
        Ronan P. Doherty
        Nicole G. Iannarone
        Bondurant, Mixson & Elmore, LLP
        3900 One Atlantic Center
        1201 West Peachtree Street, N.W.
        Atlanta, Georgia 30309-3417

        Howard Foster
        Foster P.C.
        55 W. Wacker Drive
        Suite 1400
        Chicago, IL 60601

        William V. Johnson
        Johnson & Bell, Ltd
        33 West Monroe Street
        Chicago, Illinois 60603

        Matthew Thames
        1419 Chattanooga Ave.
        P.O. Box 2203
        Dalton, GA 30722

6.    The Court appoints Settlement Services, Inc. as the Claims Administrator.

7.    The Court approves the form and substance of the Notice (attached to the Settlement Agreement as Exhibit A). The Claims Administrator shall cause the Notice, substantially in the form attached hereto, to be mailed out in accordance with the Settlement Agreement.

8. The form and content of the Notice and the method set forth herein to notify members of the Settlement Class of the Settlement Agreement, its terms and conditions, and the deadlines and procedures for filing claims, opting out of the class or objecting to the Settlement Agreement, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. The Court finds that mailing the Notice constitutes the best notice practicable under the circumstances, and that this method is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of this action and their right to object or exclude themselves from the Settlement, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

9. A hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure shall be held for the following purposes:

    (a) to finally determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

    (b) to consider applications by the Class Representatives for the payment of Class Representative Awards and by Class Counsel for the payment of Settlement Administration, Withholding, Fee and Expense Awards, as described in the Settlement Agreement;

    (c) to rule upon such other matters as the Court may deem appropriate.

  10. Plaintiffs shall file a Motion for Final Approval of the Settlement Agreement no later than 14 calendar days before the date of the Settlement Fairness Hearing.

  **IT IS SO ORDERED**

Dated: April 12, 2010

_____
Judge, United States District Court
Northern District of Georgia
Rome Division